**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **TINNUS ENTERPRISES, LLC,** ) <br> ) <br> **v.** ) <br> ) <br> **WALGREENS BOOTS ALLIANCE,** ) <br> **INC. D/B/A WALGREENS,** ) <br> ) <br> **Defendants.** ) <br> ) | **Civ. Action No._____** <br><br> **JURY TRIAL DEMANDED** |

**TINNUS ENTERPRISES, LLC'S ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT**

Plaintiff Tinnus Enterprises, LLC ("Tinnus"), by counsel, files this original complaint against defendant Walgreens Boots Alliance, Inc. ("Walgreens" or "Defendant"), and in support thereof, states as follows:

## I.  NATURE OF THE ACTION

1. Plaintiff Tinnus brings this action to enjoin the importation, distribution, use, sales and offers to sell by Defendant of certain products known as the Fun Fill Balloon Kit and Balloon Bonanza (the "Infringing Products"), which infringe or contributes toward the infringement of a valid and enforceable U.S. Patent owned by Tinnus, as well as for monetary damages for Defendants' willful infringement. This case concerns United States Patents Nos. 9,051,066 ("'066 Patent") and United States Patent No. 9,242,749 ("'749 Patent"). (Collectively, the '066 Patent and the '749 Patent are referred to as the "Patents.")

## II.  THE PARTIES

2. Plaintiff Tinnus is a limited liability company organized under the laws of the State of Texas with its principal place of business at 3429 18th Street in Plano, Texas.

3. Walgreens Boots Alliance, Inc. d/b/a Walgreens, is a corporation organized under the laws of the State of Illinois with its principal place of business at 108 Wilmot Road, Deerfield, Illinois, 60015.

### III.  JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the Unites States patent statutes, 35 U.S.C. § 1, *et seq.*

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district, including selling and offering to sell the Infringing Products in Texas and this judicial district. In addition, upon information and belief, Defendant (directly and/or through a distribution network) regularly places the Infringing Products in the stream of commerce with the knowledge and/or understanding that such products will be sold in Texas and in the Eastern District. Defendant is subject to the general jurisdiction of this Court because it has regular and systematic contacts with this forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), as well as under 28 U.S.C. § 1400(b).

### IV.  THE PATENTS-IN-SUIT

8. On June 9, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,051,066, entitled "System and Method for Filling Containers with Fluids" to Tinnus. The '066 Patent is attached as Exhibit A.

9. Any required maintenance fees have been paid; the '066 Patent has not expired. Tinnus is the owner by assignment of the entire right, title and interest in the '066 Patent.

10. On January 26, 2016, the USPTO duly and legally issued United States Patent No. 9,242,749, entitled "System and Method for Filling Containers with Fluids" to Tinnus. The '749 Patent is attached as Exhibit B.

11. Any required maintenance fees have been paid, and the '749 Patent has not expired. Tinnus is the owner by assignment of the entire right, title and interest in the '749 Patent.

## V.     FACTS

### A. Introduction

12. Josh Malone ("Mr. Malone") is the founder and sole owner of Tinnus and the sole inventor of the Patents.

13. By early 2014, Mr. Malone, a father of eight children and an inventor, had developed a revolutionary new toy product (a product that is now marketed as Bunch O Balloons), which would allow someone to fill as many as 100 water balloons in approximately 60 seconds.

14. The device includes a hose attachment with an opposite end that is fitted with multiple flexible tubes that connect to balloons. Versions of the device have included 35 or 37 balloons. When the hose is turned on, the balloons fill and are automatically sealed when released of the hose attachment assembly. A website advertising Mr. Malone's Bunch O Balloons product can be found at http://www.bunchoballoons.com.

### B. The '066 Patent

15. On February 7, 2014, Mr. Malone filed a provisional patent application with the USPTO for his invention, which was assigned U.S. Patent Application No. 61/937,083. On February 20, 2014, Mr. Malone filed a further provisional application, U.S. Patent Application No. 61/942,193.

16. On September 22, 2014, Mr. Malone filed a non-provisional application, U.S. Patent Application NO. 14/492,487 ("'487 Application"), which claimed priority to the two provisional applications. Mr. Malone assigned the '487 Application to Tinnus. The '487 Application issued as the '066 Patent on June 9, 2015.

### C. The '749 Patent

17. On May 28, 2015, Tinnus filed a non-provisional patent application, which was assigned U.S. Patent Application No. 14/723,953 ("'953 Application"), and which also claimed priority to the '083, '193, and '487 Applications. The '953 Application issued as the '749 Patent on January 26, 2016.

### D. Bunch O Balloons

18. In March 2014, Mr. Malone, through Tinnus, began taking steps to manufacture the Bunch O Balloons product using certain contractors in China. The first batch of product was manufactured in June 2014. Manufacturing of the Bunch O Balloons product has continued since that time.

19. To help raise funds for the manufacture and marketing of the Bunch O Balloons product, Mr. Malone, through Tinnus, launched a Kickstarter campaign on July 22, 2014.

20. Kickstarter is the world's largest Internet crowdsource funding platform for creative projects.

21.     In less than 12 hours, the project was fully funded to its initial $10,000 goal, and within five days, the project received over a half of a million dollars in startup funding.

22.     To date, that funding has reached nearly $1 million, and the Kickstarter video featuring the Bunch O Balloons product has had approximately 2.9 million views.

23.     The same day Mr. Malone launched the Kickstarter campaign, July 22, 2014, his Bunch O Balloons invention was featured in *Sports Illustrated's* on-line magazine.

24.     Two days later, *Time* magazine ran a story about his novel product on its website.

25.     Also on July 24, 2015, Mr. Malone's invention was featured on a nationally-televised broadcast of *Good Morning America*.

26.     Shortly thereafter on July 27, *People* magazine covered the Bunch O Balloons product on its website.

27.     Then, on July 29, just a week after Mr. Malone began his Kickstarter campaign, Mr. Malone appeared on the *Today Show* with his unique invention during a nationally-televised broadcast.

28.     Moreover, the Bunch O Balloons product went viral on the web, including one YouTube review of Mr. Malone's invention, which currently has over approximately 20 million views.

29.     On July 22, 2014, the same day Mr. Malone launched his Kickstarter campaign, he received his first orders from the public for the Bunch O Balloons product, which included 598 orders.

30.     Mr. Malone sold out his initial production batch on the first day of his Kickstarter campaign.

31. Mr. Malone received those orders before Defendants began offering their Infringing Products product.

32. As the publicity surrounding Mr. Malone's invention increased, so too did the interest in his product.

33. On August 21, 2014, Tinnus launched its website, http://bunchoballoons.com, to accept increasing numbers of product orders.

34. On August 29, 2014, Tinnus shipped its first batch of the Bunch O Balloons product to customers located in the U.S. and around the world. Shipping has continued since that time.

35. On information and belief, Defendant has been and is currently marketing and selling the Infringing Products, which directly infringes the Patents.

36. Following the issuance of the '066 Patent, Tinnus sent, on June 11, 2015 and July 14, 2015, cease and desist letters to Defendants Walgreens *via* email ("Walgreens Request") asking the Defendant to cease marketing and selling the Infringing Products.

37. Defendants has failed and continues to fail to comply with the Walgreens Request.

38. Defendant offers to sell and does sell the Infringing Products in their retail stores, including stores in this judicial district.

39. Defendants is, among other things, importing, using, selling, and/or offering to sell the Infringing Products, which infringes the Patents. Consequently, Tinnus' right to relief arises out of the same transaction, occurrence, and/or series of transactions or occurrences relating to the making, using, offering for sale, and/or selling the same Infringing Products.

E. <u>The Telebrands matter</u>

40. The '066 Patent is currently also the subject of a pending suit in the United States District Court for the Eastern District of Texas, Tyler Division, styled *Tinnus Enterprises, LLC, and Zuru Ltd., v. Telebrands Corp., Prometheus Brands, LLC, and Bed Bath & Beyond, Inc.*, Civil Action Number 6:15-CV-00551 ("*Telebrands* Matter"), which was filed on June 9, 2015.

41. In the *Telebrands* matter, on June 18, 2015, the plaintiffs filed a Motion for Preliminary Injunction to prevent Defendants Telebrands and Bed Bath and Beyond, Inc., from marketing and selling the infringing product. On September 11, 2015, Magistrate Judge John D. Love found that "because Plaintiffs will likely be able to show that the '066 Patent is infringed and Defendants have failed to raise a substantial question as to the validity of the '066 Patent, Plaintiffs are likely to succeed on the merits."

42. Judge Love recommended that Plaintiffs' Motion for a Preliminary Injunction be granted. District Court Judge Robert W. Schroeder, III adopted that recommendation and granted Plaintiff's Motion for Preliminary Injunction on December 22, 2015. *See* attached Exhibit C.

43. The preliminary injunction applies to the Defendants in the *Telebrands* Matter and "all other persons or entities who are in active concert or participation with any of them."

## VI. COUNT I
### INFRINGEMENT OF THE '066 PATENT

44. Plaintiff Tinnus re-alleges and incorporates by reference paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. Plaintiff Tinnus is the owner of the '066 Patent.

46. Defendant uses, imports, distributes, offers to sell, and/or sells in the United States the Infringing Products that infringe the '066 Patent.

47. Defendant had prior knowledge of the pending provisional patent application that matured into the '066 Patent.

48. Defendant has infringed and continues to infringe, claims 1-14 of the '066 Patent by making, using, importing, offering to sell, and/or selling within the United States the Infringing Products.

49. Defendant's infringement of the '066 Patent has been willful.

50. Plaintiff Tinnus has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless Defendant is enjoined by this Court.

## VII.   COUNT II
## INFRINGEMENT OF THE '749 PATENT

51. Plaintiff Tinnus re-alleges and incorporates by reference paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Plaintiff Tinnus is the owner of the '749 Patent.

53. Defendant uses, imports, distributes, offers to sell, and/or sells in the United States the Infringing Product that infringes the '749 Patent.

54. Defendant had prior knowledge of the patent applications that matured into the '749 Patent.

55. Defendant has infringed and continues to infringe claim 1 of the '749 Patent by making, using, importing, offering to sell, and/or selling within the United States the Infringing Product.

56. Defendant's infringement of the '749 Patent has been willful.

57. Plaintiff Tinnus has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless Defendant is enjoined by this Court.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Tinnus respectfully requests the following relief against Defendant Walgreens:

A. A judgment that the '066 Patent and '749 Patent are each duly and legally issued, valid, and enforceable;

B. A judgment holding Defendants liable for infringement of the '066 Patent;

C. A judgment holding Defendants liable for infringement of the '749 Patent;

D. A temporary restraining order, preliminary injunction, and permanent injunction against Defendant, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '066 Patent and '749 Patent, including without limitation, an injunction against offers for sale and future sales of the infringing product;(s)

E. An accounting for damages and an award of compensatory damages resulting from Defendant's infringement of the '066 Patent, together with pre-judgment and post-judgment interest;

F. An accounting for damages and an award of compensatory damages resulting from Defendant's infringement of the '749 Patent, together with pre-judgment and post-judgment interest;

G. A judgment holding that Defendant's infringement of the '066 Patent is willful and a trebling of damages pursuant to 35 U.S.C. § 284;

H. A judgment holding that Defendant's infringement of the '749 Patent is willful and a trebling of damages pursuant to 35 U.S.C. § 284;

I. A judgment holding that this action is an exceptional case and an award to Plaintiff Tinnus for its attorney's fees and costs pursuant to 35 U.S.C. § 285 and other authority;

J. A judgment that Plaintiff Tinnus be awarded its costs incurred herein; and

K. Such other relief as the Court deems just and equitable.

## IX. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Tinnus hereby demands trial by jury.

Dated: January 26, 2016

Respectfully submitted,

*/s/ Kelly J. Kubasta*
**Kelly J. Kubasta**
Texas Bar No. 24002430
**James E. Davis**
Texas Bar No. 05504200

**FERGUSON BRASWELL & FRASER, P.C.**
2500 Dallas Parkway, Suite 501
Plano, Texas 75093
Phone: 972-378-9111
Fax:   972-378-9115
kkubasta@dallasbusinesslaw.com
jdavis@dallasbusinesslaw.com

**COUNSEL FOR PLAINTIFF**
**TINNUS ENTERPRISES, LLC**